UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAR 29 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| JULIO A. RAMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0481** |
| ) | |
| DOMINICAN REPUBLIC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Pursuant to a treaty between the United States and the Dominican Republic, Plaintiff was arrested and extradited to the United States. Compl. at 2. He "was convicted by a jury in November 2001 of conspiracy to possess cocaine and marijuana with intent to distribute and possession of cocaine with intent to distribute," *United States v. Ramos*, 310 Fed. App'x 681, 682 (5th Cir. 2009) (per curiam), and he "was sentenced to 405 months' imprisonment," *Ramos v. United States*, No. 11-20286, 2011 WL 6412072, at *1 (5th Cir. Dec. 21, 2011) (per curiam). According to Plaintiff, the Dominican Republic "act[ed] at the behest of [the] United States [and] confiscate[d] Plaintiff's real property [in the Domincan Republic] valued at $51,546,000.00, pursuant to Article X of the United Nations Convention against illicit traffic in narcotics and psychotropic substances." Compl. at 2. The United States, in turn, "failed to ensure [the property's] proper return in violation of Plaintiff's Fourth and Fifth Amendment rights as proscribed under the Constitution." *Id.* at 1-2. Plaintiff brings this action against the Dominican

Republic, the Drug Enforcement Administration and the United States, and he demands compensatory damages of $51,546,000.00, plus punitive damages of $10,000,000.00, "[j]ointly and severally against each Defendant." *Id.* at 3.

Under the doctrine of *res judicata*, a prior judgment on the merits of a claim bars a plaintiff from relitigating the same claim. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). "[W]here *res judicata* applies, it bars relitigation not only as to all matters which were determined in the previous litigation, but also as to all matters that might have been determined." *Natural Res. Def. Council, Inc. v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988) (citation omitted); *see Allen v. McCurry*, 449 U.S. 90, 94 (1980). In evaluating a cause of action for *res judicata* purposes, it is the factual nucleus that gives rise to Plaintiff's claims, not the legal theory on which the claim rests, that determines whether the claim may proceed. *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984). Plaintiff's claim against the United States for the return of property seized in the Dominican Republic already has been raised and decided against him. *See Ramos*, 2011 WL 6412072, at *3. He cannot avoid application of the doctrine by adding the Dominican Republic as a new party defendant or by presenting a new legal theory.

The Court concludes that plaintiff's claims are barred under the doctrine of *res judicata*, and, accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: 3/22/12

_____
United States District Judge